IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-91-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| SEAN MICHAEL GRUMBEIN, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Grumbein of violating his conditions of supervised release by (1) failing to report for substance abuse testing on multiple occasions, (2) committing another crime, and (3) using marijuana. He admitted to the allegations. His supervised release should be revoked. He should be sentenced to time served, with no supervised release to follow.

## II. Status

United States District Judge Sam Haddon sentenced Mr. Grumbein to ninety-three months in custody, with thirty-six months of supervised release to follow, on May 4, 2006, after a he pleaded guilty to two counts of Unlawful Transport of Firearms and Penalties for Firearms. (Doc. 30.) He began his first

term of supervised release on April 10, 2014.

The United States Probation Office filed a Report on Offender Under Supervision on November 2, 2015, notifying the Court that Mr. Grumbein had used Spice and failed to report for urinalysis testing. (Doc. 33.) United States District Judge Brian Morris agreed to allow the Probation Office to continue working with Mr. Grumbein.

The Probation Office filed a second Report on Offender Under Supervision on January 26, 2016, notifying the Court that Mr. Grumbein had used marijuana and had been charged with Burglary. (Doc. 34.) Judge Morris allowed him to continue his supervision.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on January 30, 2017, alleging that Mr. Grumbein violated the terms of his supervised release by (1) failing to report for substance abuse testing on multiple occasions, (2) committing another crime, and (3) using marijuana. (Doc. 35.) United States District Judge Brian Morris issued a warrant for his arrest based on the allegations in the petition. (Doc. 36.)

**Initial appearance**

Mr. Grumbein appeared before the undersigned on February 16, 2017, in

Great Falls, Montana.  Federal Defender David Ness accompanied him.  Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Grumbein said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The Court continued the revocation hearing until April 5, 2017.

**Revocation hearing**

Mr. Grumbein appeared for his revocation hearing on April 5, 2017.  Federal Defender Ness represented him. Assistant United States Attorney Bryan Dake represented the United States. Mr. Grumbein admitted to the allegations. The violations are serious and warrant revocation of his supervised release.

Mr. Grumbein's violation grade is Grade B, his criminal history category is V, and counts 3 and 4 of his underlying crimes are Class C felonies. Count 5 is a Class A felony.  He could be incarcerated for up to twenty-four months on Counts 3 and 4 and could be ordered to remain on supervised release for thirty-five months, less any custody time imposed on each count. He could be incarcerated for sixty months on Count 5 and could be ordered to remain on supervised release for sixty months, less any custody time imposed  The United States Sentencing Guidelines call for seven to thirteen months in custody on Counts 3 and 4 and

eighteen to twenty-four months in custody on Count 5.

Mr. Ness recommended a sentence of time served, with no supervised release to follow. Mr. Starnes agreed with Mr. Ness's recommendation. Mr. Grumbein exercised his right of allocution and stated that he waived his right to appeal the Court's sentence.

### III.  Analysis

Mr. Grumbein's supervised release should be revoked because he admitted violating its conditions.  He should be sentenced to time served, with no supervised release to follow on each count to run concurrently.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.  Conclusion

Mr. Grumbein  was advised that the above sentence would be recommended to Judge Morris. He waived his right to appeal the sentence.

The undersigned **FINDS:**

> Sean Michael Grumbein violated the conditions of his supervised release by (1) failing to report for substance abuse testing on multiple occasions, (2) committing another crime, and (3) using marijuana. .

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Grumbein's supervised release and committing him to the custody of the United States

Bureau of Prisons for time served, with no supervised release to follow.

Dated this 10th day of April 2017.

John Johnston
United States Magistrate Judge